IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **DAVID PAUL DENISAR, <u>et al.</u>,** ) | | |
| ) | | |
| Appellants, ) | Civil Action No. 5:12cv00090 | |
| ) | | |
| v. ) | | |
| ) | | |
| **DAVID PAYNE,** ) | By: | **Michael F. Urbanski** |
| ) | | **United States District Judge** |
| Appellee. ) | | |
| ) | | |

**MEMORANDUM OPINION**

This bankruptcy appeal originally was scheduled to be heard on January 17, 2013. On December 13, 2012, appellants David Paul Denisar and Cheryl Marie Denisar, who are proceeding <u>pro se</u>, filed a motion for stay / injunction (Dkt. # 8), asking the court to stay execution of a writ of possession upon their property scheduled to take place on December 18, 2012, stemming from a foreclosure sale held in June. The court held a conference call with the parties on the morning of December 18th, rescheduled the hearing in this case for the following day, and entered an oral order staying execution of the writ of possession by agreement of the parties until the matter could be heard.

The parties appeared before the court for a hearing on December 19, 2012, at which time Mr. Denisar asserted that a foreclosure sale on appellants' property had not actually taken place and raised a concern about certain representations counsel for appellee allegedly made to the bankruptcy court about the foreclosure sale. Out of an abundance of caution, the court requested the transcript from the bankruptcy proceeding. The court has reviewed the bankruptcy transcript and carefully considered the issues in this case. For the reasons set forth below, appellants'

motion for stay / injunction (Dkt. # 8) is **DENIED**, the oral order staying execution of the writ of possession (Dkt. # 11) is **VACATED**, and this appeal is **DISMISSED**.

## I.

Appellee David Payne is the payee of a promissory note secured by a deed of trust upon property in Shenandoah, Virginia, which was owned by the Denisars. Payne instituted foreclosure proceedings after the Denisars failed to make timely payments on the note. On September 16, 2011, appellants filed a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Virginia, which stayed the pending foreclosure proceedings. In re Denisar, No. 11-51334 (Bankr. W.D. Va. Sept. 16, 2011). After the Denisars failed to make two post-petition payments on the note, Payne moved for relief from the automatic stay. A hearing was held on December 7, 2011. Id. at Dkt. # 28. The court entered a consent order, requiring the Denisars to make certain regular payments beginning January 1, 2012 and providing that the automatic stay would be lifted if the Denisars failed to make future post-petition payments. Id. at Dkt. # 44. An amended Chapter 13 plan was filed on January 18, 2012 and confirmation of that plan was scheduled for hearing on March 7, 2012. Id. at Dkt. # 54, 55. On February 2, 2012, Payne certified to the court that the Denisars failed to make payments pursuant to the December 7th order. Id. at Dkt. # 58. As a result of the Denisars' default, Payne was granted relief from the automatic stay on February 6, 2012, id. at Dkt. # 59, and on March 7, 2012, the bankruptcy court dismissed the Denisars' petition. Id. at Dkt. # 61. Foreclosure proceedings resumed and a sale of the property was scheduled for March 24, 2012.

The day before the scheduled foreclosure sale, the Denisars filed a second Chapter 13 petition but failed to file the required schedules. In re Denisar, No. 12-50393 (Bankr. W.D. Va. Mar. 23, 2012). An order of deficiency was entered on March 26, 2012 and the Denisars were

given fourteen days to file their schedules. Id. at Dkt. # 7. The Denisars were also given an extension until April 23, 2012 to file their credit counseling certificate. Id. at Dkt. # 9. On April 6, 2012, the day their schedules were due, the Denisars moved for a further extension of time to file the schedules, id. at Dkt. # 14; however, they failed to file the required notice of hearing and certificate of service along with their motion. Id. at Dkt. # 15. The Denisars did not cure those deficiencies within fourteen days as required by the bankruptcy court's April 9th order and further failed to file their credit counseling certificate by the extended deadline. On May 1, 2012, the bankruptcy court entered a show cause order, ordering the Denisars to appear on June 6, 2012 and show cause why their case should not be dismissed for failure to comply with the court's orders. Id. at Dkt. # 18. On May 4, 2012, Payne filed a motion to dismiss. Id. at Dkt. # 20. Because 45 days to file schedules had elapsed and a party in interest had moved to dismiss the case, the court granted Payne's motion and dismissed the case on May 11, 2012 pursuant to 11 U.S.C. § 521(i)(2). Id. at Dkt. # 23. Payne began foreclosure proceedings for a third time in May 2012, and a foreclosure sale was scheduled for June 19, 2012.

On the day before the scheduled sale, the Denisars filed a third Chapter 13 petition, see In re Denisar, No. 12-50830 (Bankr. W.D. Va. Jun. 18, 2012), which is the subject of the instant appeal. The substitute trustee under the deed of trust did not receive notice of the filing of the third petition until after the foreclosure sale had occurred; however, Payne took no efforts to take possession of the property given the pending bankruptcy petition. The court entered orders of deficiency on June 18 and 19, 2012, requiring action by the Denisars within fourteen days. Id. at Dkt. # 5, 7. On June 21, 2012, Payne filed a motion to determine the eligibility of the debtors and the applicability of the automatic stay. Id. at Dkt. # 10. The parties appeared before the bankruptcy court for a hearing on July 3, 2012. Id. at Dkt. # 16. In a Decision and Order dated

3

July 16, 2012, the bankruptcy judge determined that the Denisars were not eligible "debtors" under the Bankruptcy Code pursuant to 11 U.S.C. § 109(g)(1), because they were debtors in a case that was dismissed within the preceding 180 days for their failure to abide by orders of the court or appear in proper prosecution of the case.  The bankruptcy court held that the filing of the third petition therefore did not invoke the protection of the automatic stay, see 11 U.S.C. § 362(b)(21)(A), and that Payne did not violate the automatic stay when he foreclosed upon the Denisars' property on June 19, 2012.   The bankruptcy court entered an order dismissing the Denisars' case, noting that any subsequent bankruptcy filing by the Denisars within a period of 180 days from the date of dismissal will not stay any foreclosure proceeding by Payne pending on the date of the filing.  Id. at Dkt. # 24.  The Denisars appeal.

     Following the bankruptcy court's order, Payne filed an unlawful detainer in the General District Court of Page County, and the court granted possession of the Denisars' property to Payne.  Payne v. Denisar, No. GV12000873-00 (Va. Gen. Dist. Ct. Sept. 14, 2012).  The Denisars appealed the court's order, but the Page County Circuit Court dismissed the appeal for failure to post the required appeal bond.  Payne v. Denisar, No. CL12000162-00 (Va. Cir. Ct. Nov. 14, 2012); see Dkt. # 10, Ex. 1 at 1, 5.  On November 30, 2012, the Denisars filed a notice of appeal to the Virginia Supreme Court.  Dkt. # 10, Ex. 1 at 6-8.  After failing to post the required supersedeas bond, the Page County Circuit Court issued a writ of possession to be executed on December 18, 2012.  By agreement of the parties, the execution of the writ of possession was stayed pending a hearing in the district court on the bankruptcy appeal and appellants' motion to stay.

     At the December 19, 2012 district court hearing, the Denisars asserted that the June 19, 2012 foreclosure sale of their property did not actually take place and that appellee's counsel in

4

fact represented to the bankruptcy court that no sale took place.  The Denisars argue that the writ of possession cannot be executed if there was no valid foreclosure sale and assert that another foreclosure sale should be held.  Appellee's counsel, Mr. Crook, disputes ever telling the bankruptcy court that no foreclosure sale took place.  Mr. Crook asserts that while he was not physically present at the June foreclosure sale, his understanding from the substitute trustee who allegedly conducted the sale is that a valid sale was held.  Appellee further argued at the December hearing that if the Denisars wished to challenge the procedures undertaken to perform the foreclosure sale or contest the unlawful detainer, state court would have been the proper avenue, as the only issue before the court in the instant appeal is whether the bankruptcy judge properly applied the law.  The court agrees.

## II.

The case pending before the district court is an appeal of the bankruptcy court's July 16, 2012 decision and dismissal order, over which the court has jurisdiction pursuant to 28 U.S.C. § 158(a).  In reviewing the decision of the bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous and review de novo the bankruptcy court's conclusions of law.  See In re Deutchman, 192 F.3d 457, 459 (4th Cir. 1999).

In this bankruptcy appeal, the Denisars take issue with the bankruptcy court's holding that they were not eligible debtors under the Bankruptcy Code and therefore not subject to the protection of the automatic stay.  Although the filing of a Chapter 13 petition generally operates as a stay, see 11 U.S.C. § 362(a), not everyone is eligible to enjoy the protection afforded by the Bankruptcy Code's automatic stay provision.  11 U.S.C. § 362(b); see In re McKay, 268 B.R. 908, 910 (Bankr. W.D. Va. 2001).  Among those are individuals who do not qualify as debtors under 11 U.S.C. § 109(g).  See 11 U.S.C. § 362(b)(21)(A).

Section 109(g)(1) provides that no individual can be a debtor under the Bankruptcy Code "who has been a debtor in a case pending under this title at any time in the preceding 180 days if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."  Although the Bankruptcy Code does not define the term "willful," courts have interpreted it to mean "deliberate or intentional."  Walker v. Stanley, 231 B.R. 343, 347-48 (N.D. Cal. 1999) (citing In re Herrera, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996)).  "'[A] mere failure to make a payment under a Chapter 13 plan or failure to appear at the first meeting or a court hearing, will not, in itself, be sufficient to sustain a finding of willful conduct.'"  Id. at 348 (citing In re Herrera, 194 B.R. at 189 (quoting In re Nelkovski, 46 B.R. 542 (Bankr. N.D. Ill. 1985))).  However, repeated failure to appear or lack of diligence, as well as repeated failure to pay under the plan, can be construed as willful conduct.  Id.; In re Herrera, 194 B.R. at 189 (citing In re Patel, 48 B.R. 418, 419 (Bankr. M.D. Ala. 1985)).  "Repeated conduct strengthens the inference that the conduct was deliberate.  Additionally, the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent."  Walker, 231 B.R. at 348 (quoting In re Herrera, 194 B.R. at 189 (quoting In re Nelkovski, 46 B.R. at 545)).

In this case, the bankruptcy court correctly held that that Denisars were ineligible debtors under 11 U.S.C. § 109(g)(1).  Close review of the docket of the Denisars' first bankruptcy case, No. 11-51334, reveals the case was dismissed on account of the Denisars' repeated failure to make post-petition payments as required by the bankruptcy court's order.  Additionally, the Denisars' second bankruptcy case, No. 12-50393, filed the day before the scheduled foreclosure proceedings, was dismissed as a result of the Denisars' failure to file the required schedules and

6

comply with the court's order, despite having been given an extension of time to do so. The Denisars' repeated failures to perform their duties under the Bankruptcy Code and comply with the bankruptcy court's orders can be construed as willful conduct. See Walker, 231 B.R. at 348. Because both of these prior bankruptcy cases were pending within 180 days of the filing of their third bankruptcy petition, the Denisars were ineligible debtors pursuant to 11 U.S.C. § 109(g)(1) and did not enjoy the protection of the automatic stay. 11 U.S.C. § 362(b)(21)(A). Thus, the foreclosure sale that took place on June 19, 2012 was not in violation of the stay, and the bankruptcy court properly dismissed the case.[1]

The final paragraph of the bankruptcy court's July 16, 2012 dismissal order provides that any subsequent bankruptcy filing by the Denisars within 180 days from the date of dismissal will not stay any foreclosure proceeding by Payne pending on the date of the filing. "Bankruptcy courts are authorized under Title 11, United States Code, Section 105 of the Bankruptcy Code to provide prospective relief to creditors when multiple filings are made." Daniels v. J.P. Morgan Chase Bank, No. 4:05CV135, 2006 WL 897211, at *2 (E.D. Va. Apr. 5, 2006). The Denisars filed three Chapter 13 petitions in less than twelve months. All three times the automatic stay stopped a pending foreclosure by Payne. The first two bankruptcy cases were dismissed because of the Denisars' failure to make required payments and comply with court orders. The third was dismissed because the Denisars were not eligible debtors. Under these circumstances, the prospective relief granted to Payne by the bankruptcy court is warranted to prevent continued efforts to frustrate Payne's attempts to foreclose. See id.; see also In re Amey, 314 B.R. 864, 868-69 (Bankr. N.D. Ga. 2004).

---

[1] In dismissing the case, rather than striking the petition as void ab initio, the bankruptcy court correctly followed the majority rule. See In re Willis, 411 B.R. 455, 459 (Bankr. S.D. Ga. 2007).

7

**III.**

The court has reviewed the transcript from the July 3, 2012 bankruptcy hearing at the Denisars' request. The transcript provides no support for the Denisars' contention that a foreclosure sale did not take place on June 19, 2012. Nor does it indicate that Mr. Crook, counsel for the appellee, made any representation to the bankruptcy court that a sale was never held. In fact, the transcript reveals that Mr. Crook made numerous references at the bankruptcy hearing to a foreclosure sale having taken place on June 19, 2012. The Denisars have provided no evidence to the contrary.[2]

The court is sensitive to the Denisars' plight. However, the law makes clear that the Denisars were not eligible debtors afforded the protection of the automatic stay upon the filing of their third bankruptcy petition on June 18, 2012.

**IV.**

Because the bankruptcy court correctly held that the June 19, 2012 foreclosure sale was not in violation of the automatic stay, the Denisars' Motion for Stay / Injunction (Dkt. # 8) is **DENIED**, the oral order staying execution of the writ of possession (Dkt. # 11) is **VACATED**, and this bankruptcy appeal is **DISMISSED**.

An appropriate Order will be entered.

Entered:  January 24, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] The court also notes that the Denisars did not argue before the bankruptcy court that no foreclosure sale had taken place, as they now contend.