IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DAVID PAUL DENISAR, <u>et al.</u>, | ) | |
| | ) | |
| Appellants, | ) | Case No.: 5:12cv00090 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PAYNE, | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| | ) | |
| Appellee. | ) | |
| | ) | |

<u>**MEMORANDUM OPINION**</u>

This matter is before the court on a motion for reconsideration filed by the <u>pro se</u> appellants David Paul Denisar and Cheryl Marie Denisar (Dkt. # 21). For the reasons stated herein, the motion will be **DENIED**.

**I.**

The background of this action is well documented in both the bankruptcy court's decision, <u>In re Denisar</u>, No. 12-50830 (Bankr. W.D. Va. July 16, 2012), and this court's opinion, <u>Denisar v. Payne</u>, No. 5:12cv00090 (W.D. Va. Jan. 24, 2013), and does not require lengthy repetition here. In May 2012, appellee David Payne instituted foreclosure proceedings on the Denisars' residence in Shenandoah, Virginia pursuant to a promissory note secured by a deed of trust upon the property. Mr. Payne scheduled the foreclosure sale for June 19, 2012. On June 18, 2012, the Denisars filed a Chapter 13 petition in an effort to stay the foreclosure sale. Bankr. No. 12-50830, at Dkt. # 1. However, the foreclosure sale occurred before the substitute trustee under the deed of trust received notice of the filing of the Denisars' bankruptcy petition. On June 21, 2012, Mr. Payne filed a

motion to determine the eligibility of the debtors and applicability of the automatic stay. Id. at Dkt. # 10.

The parties appeared before the bankruptcy court for a hearing on July 3, 2012. Id. at Dkt. # 16. Following the hearing, the bankruptcy court issued a Decision and Order that determined the Denisars were ineligible "debtors" under the Bankruptcy Code pursuant to 11 U.S.C. § 109(g)(1), and that the June 18th filing of the Chapter 13 petition did not invoke the protection of the automatic stay, see 11 U.S.C. § 362(b)(21)(A). Therefore, Mr. Payne did not violate the automatic stay when he foreclosed upon the Denisars' property on June 19, 2012. The Denisars appealed the bankruptcy court's decision, and the parties appeared before the instant court for a hearing on December 19, 2012.

At that hearing, the Denisars asserted that the June 19, 2012 foreclosure sale of their property did not actually take place and that Mr. Payne's counsel, Mr. Crook, had in fact represented to the bankruptcy court that no sale had occurred. In an opinion entered on January 24, 2013, the court dismissed the Denisars' appeal and affirmed the bankruptcy court's finding that the Denisars were ineligible debtors under 11 U.S.C. § 109(g)(1); thus, the June 19, 2012 foreclosure sale did not violate the automatic stay. The court further held upon review of the bankruptcy hearing transcript that there was no support for the Denisars' contention that the June 19th sale had not occurred. (See Dkt. # 19.)

More than a year later, on April 14, 2014, the Denisars filed this motion for reconsideration. The Denisars argue that the transcript from the July 3, 2012 bankruptcy hearing is inaccurate because it does not include the phrase "time pressure coercion," which Mr. Denisar contends was said during the hearing. Further, the Denisars assert that the transcript should reflect that a foreclosure sale did not take place on June 19, 2012. The Denisars argue that such error constitutes grounds for relief from the court's January 24, 2013 decision dismissing their bankruptcy appeal.

2

**II.**

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). Pursuant to the Federal Rules, a party can move for a new trial or to alter or amend a judgment pursuant to Rule 59, or move for relief from a judgment or order pursuant to Rule 60. A party making a motion under Rule 59 must file the motion no later "than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Motions made under Rule 60 must be filed "within a reasonable time."[1] Fed. R. Civ. P. 60(c)(1); see McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (finding Rule 60(b) motion untimely when delay in filing was three to four months). Moreover, pursuant to Rule 6(b)(2), the court lacks authority to extend the time to act under Rules 59 and 60.

The court entered an order dismissing the Denisars' appeal on January 24, 2013. The Denisars filed this motion for reconsideration on April 14, 2014, over fourteen months later and well outside of Rule 59's 28-day limit. This unexplained lapse of time cannot be considered a reasonable period within which to seek relief under Rule 60.

Timeliness aside, the motion fails on its merits. The Denisars claim the transcript from the July 3, 2012 bankruptcy hearing, which the court reviewed in connection with its January 24, 2013 opinion dismissing the Denisars' bankruptcy appeal, is inaccurate because it does not include the phrase "time pressure coercion," and because it wrongly indicates that a foreclosure sale of the

---

[1] Rule 60(c)(1) imposes a one year limitation on motions made pursuant to Rule 60(b)(1), (2), and (3). Rule 60(b)(4), (5), and (6) motions are subject to the "reasonable time" limitation.

3

Denisars' property occurred on June 19, 2012.² The court has again reviewed the transcript from the July 3, 2012 bankruptcy hearing. In accordance with Rule 5007(a) of the Federal Rules of Bankruptcy Procedure, the transcript was certified as "a correct transcript from the official electronic sound recording of the proceedings." (See Dkt. # 18, at 8:12-13.) A certified transcript is deemed prima facie a correct statement of the testimony taken. See 28 U.S.C. § 753(b); Fed. R. Bankr. P. 5007(c). The Denisars present no evidence supporting their assertions that the transcript is inaccurate. Their "bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." United States v. Hill, 78 F. App'x 223, 225 (4th Cir. 2003) (citing United States v. Zammiello, 432 F.2d 72, 73 (9th Cir. 1970)). Thus, the court finds no merit to the Denisars' motion.

### III.

For these reasons, the Denisars' motion for reconsideration is **DENIED**. An appropriate Order will be entered.

Entered: June 26, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

² The transcript in fact includes several references to the June 19, 2012 foreclosure sale. Mr. Payne's counsel, Mr. Crook, referred to the June 19th foreclosure sale three times during the bankruptcy hearing. (Dkt. # 18, at 3:17, 4:4, 4:20.) Mr. Denisar himself referenced the "attorney that conducted the foreclosure sale." (Id. at 6:1-2).